UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Antonio Aliaga Aguero, | 1:22-cv-01237-NODJ-CDB |
| Plaintiff, | ORDER |
| v. | |
| Phillip T. Esnoz, et al., | |
| Defendants. | |

Plaintiff Jose Aliaga Aguero brings this action against defendants Western Range Association and others for breach of contract, violations of the California Labor Code, and violations of the William Wilberforce Trafficking Victims' Protection Reauthorization Act of 2008 (TVPRA). Western Range moves to dismiss Mr. Aguero's TVPRA claims for failure to state a claim upon which relief can be granted. For the following reasons, the court **denies** the motion.[1]

**I.    BACKGROUND**

A brief description of the parties and their relationships is necessary at the outset. Before his death in 2021, Joe S. Esnoz owned a farm in Kern County, California, which he operated under the name "Joe Esnoz Farms" and where he employed sheepherders. Second Am. Compl.

---

[1] In the interests of justice and addressing the heavy civil caseloads in the Fresno courthouse, the undersigned resolves only the pending motion to remand, ECF No. 34.

1

(SAC) ¶¶ 10–11, ECF No. 32. Phillip T. Esnoz is a successor trustee and beneficiary of a trust related to Joe Esnoz. *Id.* ¶ 12. According to the complaint, Joe Esnoz Farms is now operated as Phillip Esnoz Farms. *Id.* ¶¶ 11, 13. Aguero has named Phillip Esnoz as a defendant in this action both in his individual capacity and in his capacity as a trustee. *See id.* ¶¶ 10–13. For simplicity, and because the parties' arguments and the court's decision does not depend on the niceties of these relationships, the court refers to all of these entities as "the Esnozes" in this order.

Western Range Association, the next defendant Aguero names in his complaint, is a non-profit corporation that facilitates the employment of H-2A foreign workers for sheepherding in the United States. *Id.* ¶ 17. Western Range received compensation from the Esnozes to facilitate the H-2A labor certification process for their sheepherders and to hire international sheepherders. *Id.* ¶ 21. Mr. Aguero is among these international sheepherders. *Id.* He is from Junín, Peru. ¶ 26. Western Range facilitated his H-2A labor certification process. *Id.* ¶ 27. The Esnozes and Western Range jointly employed Mr. Aguero from July 2018 through July 2021, and again from October 2021 until December 2021. *Id.* ¶ 30. Western Range and the Esnozes promised him semi-monthly compensation, sanitary and safe housing, and sufficient water and food. *Id.* ¶ 29. Western Range and the Esnozes also were required to reimburse Mr. Aguero for his expenses obtaining his work visa. *Id.* ¶ 31.

Mr. Aguero alleges he had to pay a $2,200 recruitment fee to a man who has long worked for the Esnozes, and he alleges he was not reimbursed for that fee. *Id.* ¶¶ 25, 33. This left Mr. Aguero with little to no money to purchase necessities for himself and his family. *Id.* According to his complaint, Western Range also delayed paying him wages; nor was he provided timely wage statements. *Id.* ¶ 43. To make matters worse, Mr. Aguero alleges the Esnozes did not give him adequate food, water and housing. *Id.* ¶¶ 44-49. He also alleges Western Range did not review his working or living conditions to ensure compliance with federal regulations, state laws, and Mr. Aguero's employment contract. *Id.* ¶ 49. Finally, he alleges the Esnozes verbally abused him and threatened to deport him. *Id.* ¶ 53.

In June 2018—about a month before Mr. Aguero began working for the Esnozes—another H-2A sheepherder complained to the California Employment Development Department (EDD)

1    about the working conditions at the Esnozes' farm, and his complaints resembled those in Mr.

2    Aguero's current complaint, including substandard housing, insufficient food, threats of

3    deportation and verbal abuse.  *Id.* ¶ 35.  The EDD communicated this complaint to Western

4    Range, who transferred the sheepherder to a different ranch in October 2018.  *Id.* ¶ 36.  Mr.

5    Aguero alleges Western Range did not further investigate the other sheepherder's allegations,

6    contact other workers, or attempt to ensure compliance with the federal regulations.  *Id.*

7        Mr. Aguero originally filed this action in 2022.  *See generally* Compl, ECF No. 1.

8    Western Range moved to dismiss.  *See* First Mot. Dismiss, ECF No. 21.  It targeted Mr. Aguero's

9    claims under the TVPRA, contending the complaint did not include allegations to support his

10   claim that Western Range knew or should have known about wrongdoing by the Esnozes.  *See id.*

11   at 3–4 (discussing 18 U.S.C. § 1595(a)).  In response, Mr. Aguero filed a first amended

12   complaint.  *See* First Am. Compl., ECF No. 24.  Western Range moved again to dismiss, again

13   contending the TVPRA claims lacked support in allegations about what it knew or should have

14   known.  *See* Second Mot. Dismiss, ECF No. 26.  Mr. Aguero opposed the motion, ECF No 28,

15   and Western Range replied, ECF No. 29.  Mr. Aguero initially requested leave to file a sur-reply,

16   ECF No. 30, but after the court[2] took the motion to dismiss under submission without hearing oral

17   arguments, ECF No. 31, Mr. Aguero filed the operative second amended complaint, ECF No. 32.

18   The previously assigned district judge then denied the pending motion to dismiss as moot by

19   minute order, citing the second amended complaint, thus implicitly granting Mr. Aguero leave to

20   amend and mooting his request for leave to file a sur-reply.  *See* Min. Order, ECF No. 35.

21       The Second Amended Complaint, like its predecessors, asserts claims for breach of

22   contract, violations of the California Labor Code and the federal TVPRA.  As before, Western

23   Range moves to dismiss the TVRPA claims under Rule 12(b)(6).  *See generally* Mot. Dismiss,

24   ECF No. 38.  Mr. Aguero opposes the motion for two reasons.  *See* Opp'n, Mot. Dismiss, ECF

25   No. 37.  He contends first that Western Range has improperly relied on arguments it could have

---

[2] At the time, this matter was assigned to then-District Judge Ana de Alba, who has since been seated as a Judge of the United States Court of Appeals for the Ninth Circuit.  This case is not currently assigned to a district judge, pending filling of the vacancy created by Judge de Alba's departure.  Order (Dec. 12, 2023), ECF No. 40.

and should have raised in its previous Rule 12 motions. *See id.* at 3–6. Second, he contends his allegations suffice to state a claim. *See id.* at 6–16. Western Range replied; it disagrees on both fronts. *See* Reply, ECF No. 38. The previously assigned district judge took the matter under submission without holding a hearing, *see* Min. Order, ECF No. 35, and the undersigned finds likewise that this motion may be resolved without a hearing.

## II.   REPEAT RULE 12 MOTIONS

In general, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. Rule Civ. P. 12(g)(2). Despite that general prohibition, district courts often exercise their discretion to consider new arguments in the interest of judicial economy. *Hamman v. Cava Grp., Inc.*, No. 22-593, 2023 WL 8374747, at *2 (S.D. Cal. Dec. 4, 2023). The Ninth Circuit has reasoned similarly, citing the "general policy of the Federal Rules of Civil Procedure, expressed in Rule 1," which "directs that the Federal rules 'be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *In re Apple iPhone Antitrust Litig.,* 846 F.3d 313, 318 (9th Cir. 2017) (quoting Fed. R. Civ. P. 1). "Denying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2)"—i.e., Rule 7 answers, motions for judgment on the pleadings, and arguments at trial—"can produce unnecessary and costly delays, contrary to the direction of Rule 1." *Id.* The repeat-motion bar in Rule 12(g) thus generally applies only to successive motions whose sole purpose is delay. *Id.* at 319.

Here, Western Range has consistently raised arguments about its knowledge and what allegations suffice to state a claim under the TVPRA. It cannot be faulted for doing so repeatedly, as its previous motions have each become moot, as explained above. For that reason, the court cannot conclude Western Range has raised these arguments repeatedly solely for purposes of delay. Rule 12(g) does not bar Western Range's arguments about Mr. Aguero's TVPRA allegations. The court turns to those arguments now.

### III. FAILURE TO STATE A CLAIM

#### A. Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

#### B. Analysis

As noted above, all the claims Western Range targets in its current motion focus on the TVRPA. When Congress originally enacted the TVPRA's predecessor, the Trafficking Victims Protection Act, it declared its purposes were to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." *Ditullio v. Boehm*, 662 F.3d 1091, 1094 (9th Cir. 2011) (quoting Pub. L. No. 106–386, § 102, 114 Stat. 1488 (2000) (codified as amended at 18 U.S.C. § 1589 et seq.)). Under the law's forced labor prohibitions, it is a crime

/////

to "knowingly" provide or obtain labor "by any one of, or by any combination of," four listed means:

> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>
> (2) by means of serious harm or threats of serious harm to that person or another person;
>
> (3) by means of the abuse or threatened abuse of law or legal process; or
>
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint[.]

18 U.S.C. § 1589(a); *see also United States v. Barai*, 55 F.4th 1245, 1250–53 (9th Cir. 2022) (discussing these provisions in detail), *cert. denied sub nom. Kartan v. United States*, 144 S. Ct. 144 (2023). The same statute also makes it a crime for anyone to "knowingly benefit[], financially or by receiving anything of value, from participation in a venture which has engaged in the providing of labor or services" by the means listed above. *Id.* § 1589(b).

"In 2003, Congress reauthorized and amended the TVPRA, adding a civil remedy provision codified at 18 U.S.C. § 1595." *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1164 (9th Cir.), *cert. denied*, 143 S. Ct. 491 (2022). Congress also reauthorized the TVPRA in 2008, "and amended it to expand the civil remedies provision." *Id.* Under the current provision, victims of a forced labor crime may "bring a civil action against the perpetrator" or against anyone who "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [those same provisions]." 18 U.S.C. § 1595(a). To prevail in a civil claim under these provisions, a plaintiff ultimately must prove the defendant participated in a venture, knowingly benefitted from participating, and either knew or should have known the venture was engaged in conduct that violated the TVPRA. *See Ratha*, 35 F.4th at 1175. So, to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint's factual allegations, assumed true, must permit a plausible inference the plaintiff could ultimately

make that showing. *See, e.g.*, *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 952–54 (N.D. Cal. 2019) (undertaking this analysis).

Returning, then, to this case, Western Range's motion focuses on the final element only: whether Mr. Aguero's allegations permit a plausible inference he could prove Western Range should have known the Esnozes violated the TVPRA. *See* Mot. at 5–7. The court concludes they do. The Ninth Circuit has held that district courts should employ a negligence standard when they decide whether defendants should have known about TVPRA violations. *Ratha*, 35 F.4th at 1177. Under a negligence standard, it is not enough to allege a defendant knew trafficking was a problem in a country or industry. *Id.*; *see also, e.g.*, *A.B. v. Extended Stay Am. Inc.*, No. 22-05939, 2023 WL 5951390, at *6 (W.D. Wash. Sept. 13, 2023) (collecting authority). In *Ratha*, for example, it was not enough for a plaintiff to allege that trafficking was a well-known phenomenon in the Thai shrimp and seafood industry, *see* 35 F.4th at 1177–78, and in *A.B.*, it was not enough to allege some behaviors at a hotel generally were warning signs of sex trafficking, 2023 WL 5951390, at *6. By contrast, allegations about specific reports to a particular defendant or specific observations by that defendant's employees or agents can show the defendant should have known about trafficking. For example, it has been enough for a plaintiff to allege a hotel's employees often saw older men without luggage paying for hotel rooms with cash and then going to those rooms with younger women, *see Maslic v. ISM Vuzem d.o.o.*, 2021 WL 5415261, at *7 (N.D. Cal. Nov. 19, 2021), and it has been enough to allege a factory owner knew workers were performing tasks prohibited by their visas, lacked state licenses, worked extreme hours and were shuttled to and from a nearby hotel in company vans every day, *Lesnik v. Eisenmann SE*, No. 16-1120, 2018 WL 4700342, at *1 (N.D. Cal. Oct. 1, 2018).

Here, Mr. Aguero has included sufficiently specific allegations about Western Range. As a visa facilitator, Western Range was required to make certain assurances, including that it will comply with all federal, state, and local laws and regulations, including health and safety laws. *See* 20 C.F.R. § 655.135(e). Mr. Aguero alleges Western Range worked closely with the Esnozes in employing international sheepherders. Additionally, Western Range knew about the other sheepherder's complaint of inadequate food, water and housing and an abusive working

environment at the Esnozes' farm, and it received that complaint soon before Mr. Aguero began working there.  According to the complaint, Western Range did not inquire into the sheepherder's allegations or investigate whether other sheepherders faced similar issues under their employment contracts.  These allegations suffice at this early stage of the case.  They are not broad allegations about the industry in general.  They permit the court to infer Mr. Aguero could plausibly show Western Range should have known about labor trafficking at the Esnozes' farms under the applicable negligence standard.

**IV.    CONCLUSION**

For the reasons above, the court **denies** Western Range's motion to dismiss.  This order resolves ECF No. 34.

IT IS SO ORDERED.

DATED:  February 8, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE