UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO ALIAGA AGUERO,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP T. ESNOZ individually and dba Phillip Esnoz Farms, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-01237-KES-CDB<br><br>ORDER RE: DISCOVERY DISPUTE<br><br>(Doc. 52) |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

According to the allegations of the second amended complaint (Doc. 32), Plaintiff was employed by Defendants between July 2018 and July 2021, and from October 2021 to December 2021. In brief, Plaintiff served as a sheepherder who oversaw sheep that grazed on land owned and operated by one or more of the Defendants. As a condition of employment, Defendants were required to provide Plaintiff with range housing that had been inspected and certified as meeting minimum standards under the federal regulations. Among other things, housing must be structurally sound, in good repair, weather tight, and must have a comfortable and clean bed, adequate heating, and mechanical refrigeration, or an alternative means of preserving food and

preventing spoilage. Plaintiff asserts numerous causes of action alleging that Defendants breached his employment contract, including in connection with his housing. Plaintiff advances other causes of action pursuant to the California Labor Code and California's Private Attorneys General Act (PAGA).

The scheduling order for this case entered on March 27, 2024, pursuant to which nonexpert discovery is set to close on March 24, 2025. (Doc. 48). On June 7, 2024, the parties filed a joint letter brief and requested the Court convene an informal discovery dispute conference related to Defendants' objections and responses to Plaintiff's notice of inspection served pursuant to Fed. R. Civ. P. 34. (Docs. 52, 59).

On July 2, 2024, the Court held a discovery dispute conference via Zoom video conference. Amelia Haney and Felipe Rojas-Flores appeared on behalf of Plaintiff. Ryan Porte appeared on behalf of Defendants. At the beginning of the conference, the parties agreed to resolution of the identified discovery dispute outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the dispute to the exclusion of seeking other relief through motions filed pursuant to Fed. R. Civ. P. 37 or otherwise.

As set forth in more detail below, the discovery dispute involves Plaintiff's notice to Defendants pursuant to Fed. R. Civ. P. 34(a)(2) to inspect Defendants' land and property – specifically, five housing units used and/or occupied by Defendants' employees denominated as Mobile HIP Numbers 9133, 9134, 9141, 11759, and 12231, as well as any other housing units that Plaintiff occupied during his employment with Defendants between October 2021 and December 2021.[1]

**Governing Legal Standard**

"The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008

---

[1] As suggested in the parties' joint discovery dispute filing and confirmed by counsel during the discovery dispute conference, all other discovery disputes referenced in the joint discovery dispute filing were resolved without the Court's involvement.

WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted). Litigants are entitled to seek from each other discovery of information that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b).

Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023) ("Defendants are permitted to discover inadmissible information and bear the risk of asking questions at a deposition that could ultimately be useless at trial."). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 351).

Rule 34 permits a party to "serve on any other party a request within the scope of Rule 26(b) ... to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). "Because requests for inspection under Rule 34 must be within the scope of Rule 26(b), 'the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection.'" *Manclark v. Oceans Marine Elecs., Inc.*, 2020 WL 7265412, at *2 (C.D. Cal. Oct. 16, 2020) (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Int'l Union of Petroleum & Indus. Worker*, 870 F.2d at 1452 (quotation and citations omitted).

**Party Contentions**

Defendants refuse to permit the housing unit inspections requested by Plaintiff. First,

1   Defendants argue the inspections implicate an unreasonable search or seizure under the Fourth
2   Amendment.  Defendants argue they have a right against unreasonable searches of their property
3   and do not have authority to consent to a search of their property (residences) occupied by tenants
4   (Defendants' employees).  Defendants argue that, because the searches would be tethered in part
5   to Plaintiff's claims under PAGA, they would amount to state action requiring a warrant or some
6   other exception to the Fourth Amendment's warrant requirement.  In support of this argument,
7   Defendants provide affidavits from all five of their employees in which they attest they do not
8   consent to Plaintiff's inspection of their residences.  (Doc. 52 at Def. Ex. A).
9       Next, Defendants argue Plaintiffs have recourse to other means less intrusive than
10  inspections to obtain the information they seek, such as through reliance on EDD inspection
11  reports and depositions of the property tenants.
12      Separately, in their responses to Plaintiff's discovery demands, Defendants assert the
13  requested inspections are irrelevant because they are directed toward property more than two
14  years after Plaintiff occupied any of the units and, thus, the results of any such inspections cannot
15  be presumed to portray the conditions of the units during the time Plaintiff occupied any. (Doc.
16  52 Pl. Ex. C).  Defendants also object generally on privacy grounds on behalf of themselves and
17  on behalf of their employees who occupy the units sought to be inspected.
18  **Discussion**
19      **A.    Defendants' Fourth Amendment Objections**
20      Defendants' refusal to permit the inspections based on Fourth Amendment grounds is
21  meritless for a variety of reasons.  First, Defendants cite no authority for the proposition that a
22  private party's inspection of another private party's property pursuant to the Federal Rules of
23  Civil Procedure runs afoul of the Fourth Amendment.  Simply put, the Fourth Amendment is
24  implicated only where a search is undertaken under color of law – and clearly here, a civil
25  litigant's inspection of property pursuant to discovery rules expressly providing for such
26  inspection does not implicate the requisite "state action" on which an alleged constitutional
27  violation may rest.  *See, e.g., Lindley v. Amoco Prod. Co.*, 639 F.2d 671, 672-74 (10th Cir. 1981)
28  (affirming dismissal of § 1983 claim where private party's search of another's residence was

4

1  undertaken pursuant to a state court's discovery order).

2  As addressed during the informal discovery dispute conference, Defendant's reliance on *United States v. Warner*, 843 F.2d 401 (9th Cir. 1988) for the proposition that a landlord cannot consent to a search of a tenant's premises is inapt for two reasons. (Doc. 52 at 6).  To begin with, *Warner* involved a criminal prosecution where the defendant sought to suppress evidence obtained by law enforcement without a warrant.  Thus, in *Warner*, there was a search undertaken under color of law – here, there is no state action.  Separately, Defendants' argument that they "cannot consent" to the inspection of their employees' residences (Doc. 52 at 6) is belied by the facts.  Counsel for Defendants acknowledged during the discovery dispute conference that he recently had conducted his own inspection of one of the properties, including the outside of the unit and by "pok[ing] his head inside.  If Defendants can consent to their attorney inspecting one of their employee's trailers, even assuming consent is necessary, they also can consent to permitting Plaintiff's counsel to inspect units consistent with the parties' discovery rights and obligations.

**B.  Defendants' Relevance Objections**

Inspection of Defendants' property unquestionably is aimed at discovering relevant information.  In particular, Plaintiff's claims for breach of contract, solicitation by misrepresentation and violation of California's Unfair Competition Law (first, tenth and eleventh causes of action) are based in part on allegations in the operative complaint that Defendants' units had broken windows and refrigerators, nonlocking doors, were not insulated, and harbored dirty beds and cockroaches.  (Doc. 32 ¶¶ 48-49).  An inspection of units that are alleged to present these defects, thus, could reveal direct evidence corroborating Plaintiff's allegations.

The Court acknowledges Defendants' argument that the passage of more than two years between the time Plaintiff occupied one of Defendants' trailers and the present date would appear to diminish the relevance of an inspection given the possible or likely changed circumstances during this lengthy period. (Doc. 52 Ex. C).  Nevertheless, "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal 2002)

5

(internal citations omitted).  While Defendants retain recourse during pretrial litigation and at trial to argue that evidence obtained during the inspections should be excluded pursuant to, for instance, Fed. R. Evid. 403, the Court cannot conclude at this point that the mere passage of time entirely eliminates the relevance of evidence sought to be obtained through the requested inspections.

### C.     Defendants' Generalized "Privacy" Objections

Defendants separately object to permitting the requested inspections on generalized "privacy" grounds.  (Doc. 52 Ex. C).  In a case such as this predicated solely on diversity jurisdiction, the state law of privilege applies.  *See Lite On It Corp. v. Toshiba Corp.*, No. CV 07-04758-SGL(AJWx), 2009 WL 10669760, at *3 (C.D. Cal. Mar. 4, 2009) (citing Weinstein's Fed. Evid. § 501.02[2][b] at 501-11); Fed. R. Evid. 501.  Accordingly, this Court looks to authorities interpreting the right to privacy under California state law.

The California Supreme Court's framework for evaluating claims implicating the right to privacy under Article I, Section 1 of the California Constitution involves a balancing test that begins with a three-party inquiry.  First, the claimant must possess a "legally protected privacy interest," such as, for instance, "precluding the dissemination or misuse of sensitive and confidential information."  *Pioneer Elec. (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 370 (2007) (quoting *Hill v. Nat'l Collegiate Athletic Assn*., 7 Cal.4th 1, 35 (1994)). "Though personal identifying information is 'entitled to some privacy protection,' its disclosure is not a serious invasion of privacy, in contrast to the disclosure of 'one's personal medical history or current medical condition nor details regarding one's personal finances or other financial information.'" *Cervantes v. CEMEX, Inc.*, No. 1:12-cv-1932-LJO-JLT, 2014 WL 4104200, at *6 (E.D. Cal. Aug. 18, 2014) (quoting *Pioneer*, 40 Cal.4th at 372).

Second, the person asserting a privacy interest must possess "a reasonable expectation of privacy under the particular circumstances," which is defined as "an objective entitlement founded on broadly based and widely accepted community norms." *Pioneer*, 40 Cal.4th at 370-71 (quoting *Hill*, 7 Cal.4th at 36-37).  Third and lastly, the alleged invasion of privacy "must be 'serious' in nature, scope, and actual or potential impact to constitute an 'egregious' breach of

social norms." *Id.* at 371 (quoting *Hill*, 7 Cal.4th at 37).

If each of the three parts of this inquiry are shown, "the Court must then balance the privacy interest against the competing disclosure interest." *Cervantes*, 2014 WL 4104200, at *6 (citing *Pioneer*, 40 Cal.4th at 370-71). In this regard, courts "should consider factors including the purpose of the information sought, the effect that disclosure will have on the affected persons and parties, the nature of the objections urged by the party resisting disclosure[,] and availability of alternative, less intrusive means for obtaining the requested information.'" *McClure v. Prisoner Transportation Services of America, LLC*, No. 1:18-cv-00176-DAD-SKO, 2020 WL 1182653, at *3 (E.D. Cal. Mar. 12, 2020) (internal quotation and citation omitted).

Here, the Court finds that inspecting tenants' residences implicates a legally protected privacy interest. Further, the Court finds that people universally hold an expectation of privacy in their residences that society recognizes as reasonable. Finally, permitting unfettered inspection of another's residence would constitute a substantial breach of societal norms.

The Court now balances Defendants' privacy interest "against the competing disclosure interest." *Cervantes*, 2014 WL 4104200, at *6 (citing *Pioneer*, 40 Cal.4th at 370-71). As described above, the Court has little difficulty concluding that the information Plaintiff seeks to obtain through inspection of Defendants' trailer units would be relevant to the action under Fed. R. Civ. P. 26(b)(1). *See Oppenheimer Fund, Inc.*, 437 U.S. at 351 (relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case). The Court further concludes that Defendants' right to privacy in the condition of the trailer units they provide to their employees is not absolute and inspection of the units pursuant to an appropriate protective order would not constitute a serious invasion of privacy here.

Federal Rule of Civil Procedure 26(c), which authorizes the Court to enter protective orders, "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). Rule 26(c) states in relevant part that for good cause shown, the court may make an order to protect a party or person from "annoyance,

embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c).

To safeguard the privacy interests addressed above, and taking into account Defendants' claim of burden given the relative remoteness of the five trailers at issue, the Court will permit the requested inspections with the following limitations:

1) Defendants shall permit Plaintiff to inspect all housing units that Plaintiff occupied between October 2021 and December 2021 and which remain within Defendants' control.
2) In the event Defendants no longer control units Plaintiff occupied, Defendants shall permit Plaintiff to inspect two housing units that are most similar in design to units occupied by Plaintiff among Mobile HIP Numbers 9133, 9134, 9141, 11759, and 12231.
3) The parties shall meet and confer and make all necessary arrangements to schedule and undertake the inspections in good faith.
4) Defendants shall provide to its employees who occupy the housing units to be inspected at least 48 hours advance notice of the inspections.
5) Employee occupants shall have the right to be present during the inspections and to remove any personal effects from the units prior to inspection and/or photography by Plaintiff.
6) Plaintiff may not take photographs of or speak to the employee occupants.
7) Plaintiff's inspection of each housing unit shall last no longer than 30 minutes per housing unit.

**Conclusion and Order**

For the foregoing reasons, the Court grants in part Plaintiff's request pursuant to Fed. R. Civ. P. 34(a)(2) to inspect Defendants' property consistent with the protective order incorporated herein.

IT IS SO ORDERED.

Dated: **July 12, 2024**

UNITED STATES MAGISTRATE JUDGE